```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
STATE OF NEW YORK, et al.,                                  :
                                                            :
                          Plaintiffs,                       :
                                                            :
        -against-                                           :
                                                            :
TOWN OF NORTH HEMPSTEAD, et al.,                            :  **MEMORANDUM**
                                                            :  **DECISION AND ORDER**
                          Defendants.                       :
----------------------------------------------------------- X
                                                            :  13-cv-6355 (BMC)
                                                            :
PORT WASHINGTON LANDFILL JOINT                              :
DEFENSE GROUP,                                              :
                                                            :
                          Third-Party Plaintiff,            :
                                                            :
        -against-                                           :
                                                            :
ABERDEEN RECYCLING CO., LLC, et al.,                        :
                                                            :
                          Third-Party Defendants.           :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, is before the Court on the motion of a third-party plaintiff, Port Washington Landfill Joint Defense Group ("JDG"), for a default judgment against the relatively few third-party defendants who have not settled. This is an old case that has involved over one hundred parties, as is not uncommon in CERCLA cases.

The first issue raised by the motion is whether I can order a per capita allocation of damages against a group of defaulting third party defendants that, by reason of their default, have failed to produce evidence that would allow a more individualized allocation. If the answer to

that question is yes (and it is), then I need to consider how the allocation should occur. Since JDG is clearly entitled to a default judgment for a fixed amount; the per capita allocation results in a relatively small amount against each third-party defendant; the methodology proposed by JDG results in the lowest award against each third-party defendant when compared to other methodologies; and I can find no other practical way to arrive at damages, the motion is granted.

## BACKGROUND

The case involves a site on Long Island known as the Port Washington Landfill. It is listed in the New York State Registry of Inactive Hazardous Waste Disposal Sites. The landfill has been contaminated by many different forms of waste – asbestos, commercial, construction, demolition, dry cleaner, industrial, incinerator, municipal, and petroleum products. JDG's third-party complaint alleges that each defendant either generated or transported the hazardous substances that wound up on the site.

The original plaintiffs in the case were the State of New York and its environmental commissioner. They brought the suit in 2013 against a number of defendants – the Town of Hempstead, a hospital, and a number of commercial businesses alleged to have contributed to the pollution at the site. In 2014, plaintiffs and certain defendants, proceeding as JDG,[1] entered into a Consent Decree that included the payment of $1,815,000, an amount that was presumably allocated pursuant to a voluntary scheme amongst members of JDG. That was the end of the State's interest in the case.

---

[1] Industrial Fasteners Corp.; Long Island Lighting Company d/b/a LIPA and KeySpan Corporation; Olympus America Inc.; St. Francis Hospital, Roslyn, New York; and Verizon New York Inc. (f/k/a New York Telephone Corporation).

In 2016, JDG commenced a third-party action for contribution under CERCLA §§ 107(a) and 113(f), 42 U.S.C. §§ 9607(a) and 9613(f), against many, many other entities alleged to have contributed to the contamination at the site. Between 2016 and September 2019, three third-party defendants settled for a total of $18,500 and were added through amendments to the Consent Decree. JDG also settled with 116 of the other third-party defendants. It received through these settlements $1,428,000 of the $1,815,000 that it had paid to the State of New York.

We are now down to 18 third-party defendants, the default of which the Clerk has noted on the docket.[2] Since JDG has no information as to the relative contribution of each defaulting defendant to the contamination, it proposes an allocation. The question is whether per capita allocation is appropriate, and if so, whether all of the third-party defendants, including those who have settled, should be included in the allocation.

## DISCUSSION

In light of defendants' default in this case, all of the well-pleaded allegations in JDG's third-party complaint pertaining to liability are deemed true. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 159 (2d Cir. 1992). However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when the court relies on affidavits and other documentary evidence and the amount

---

[2] Angelone Enterprises Inc.; Connie French Cleaners, Inc.; Dormar Construction Co., Inc.; F&R Home Construction, Inc.; Falcon Automotive Products, Inc.; Hillside Carting Co., Inc.; Lion Systems, Corp.; Nameplate Manufacturers of America, Inc.; Nastasi Group, Inc.; Reitman Sealcoating, Inc.; Sprague-Goodman Electronics, Inc.; Stasi Brothers Asphalt Corp.; Testani Enterprises Inc.; Tyree Holdings Corp.; U-Need-A-Roll Off Corp.; Vicon Industries, Inc.; Williston Cleaners; and Xanadu Land Development Corp.

is liquidated.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105,111 (2d Cir. 1997).

Under CERCLA § 113(f)(1),"[a]ny person may seek contribution from any other person who is liable or potentially liable under section 9607(a) of this title, during or following any civil action under section 9606 of this title or under section 9607(a) of this title." 42 U.S.C. § 9613(f)(1).  To allocate contribution amongst responsible parties, "the court may allocate response costs among parties using such equitable factors as the court determines are appropriate."  Id.  Allocation is an "equitable determination based on the district court's discretionary selection of the appropriate equitable factors in a given case."  Goodrich Corp. v. Town of Middlebury, 311 F.3d 154, 170 (2d Cir. 2002).

The few cases to address this issue generally permit a per capita allocation under these circumstances.  See Babylon Landfill Joint Defense Group v. 1042 Collision Repairs, Inc., No. 11-cv-5387, 2014 WL 4245947, at *2-3 (E.D.N.Y. Aug. 26, 2014); New York v. Arthur M. Lane & Son, Inc., No. 06-cv-6650, 2014 WL 12819441, at *5 (E.D.N.Y. Feb. 25, 2014).  These courts recognize that when defendants have defaulted, there is no practical way to allocate damages on the basis of individual responsibility.  Taking discovery against defaulting defendants would be a difficult and likely fruitless endeavor, compromising the efficiency goals of CERLA.  See generally Meghrig v. KFC W., Inc., 516 U.S. 479, 483 (1996).  Yet it is equally clear that a defaulting defendant should not be able to avoid liability simply by having defaulted.

The determination that per capita allocation is appropriate in this case does not resolve it because both the numerator and the denominator in an allocation formula are unclear.  I see at least two logical ways in which allocation could be ordered.  First, we could take the amount of settlement funds that JDG has received from third-party defendants, deduct it from the amount

JDG paid to the State of New York, and allocate the remainder among the 18 defaulting defendants. This is expressed as $1,815,000 - $1,428,000 = $387,000 ÷ 18 = $21,500.

Alternatively, we can divide the settlement funds that JDG paid evenly amongst all third-party defendants, settling and non-settling, and enter judgment against each defaulting third-party defendant. This formulation would include the five members of the JDG as potentially responsible parties to the contamination. It is expressed as $1,815,000 ÷ 142 = $12,781.69.

In its submissions, JDG has proposed a third approach. It would start with the gross settlement it paid; then reduce it by the total amount paid by the three defendants that were added to the Consent Decree; and then divide it by the number of potentially responsible parties (again including JDG's five members). It is expressed as $1,815,000 - $18,500 ÷ 142 = $12,651.41.[3]

I do not see why the calculation should treat third-party defendants who paid JDG pursuant to amendments to the Consent Decree any differently than third-party defendants who paid but were not added to the Consent Decree. JDG received the money in either event. However, since JDG's proposed formula results in an amount lower than the second alternative set forth, and indeed is the least amount for which the defaulting third-party defendants might be able, I will grant the motion and award damages against each third-party defendant in the amount of $12,651.41.

---

[3] Under any formulation, JDG is entitled to interest. See 42 U.S.C. § 9607(a). It has computed interest pursuant to its formula and § 9607(a), using July 13, 2012 as the initial accrual date because that was the day the final demand letters were sent to each of the defaulting third-party defendants.

## CONCLUSION

JDG'S motion for a default judgment [343] is granted. Within 10 days, JDG shall submit a proposed form of judgment consistent with this decision and updating the interest calculation as against each defendant to the date of submission.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      December 19, 2019